IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Stuart Burris, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV 05-1028 PHX MHM (VAM) |
| | ) | |
| Dora B. Schriro, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |

TO THE HONORABLE MARY H. MURGUIA, U.S. DISTRICT JUDGE.

John Stuart Burris ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner presents three grounds for relief in the petition. (Doc. 1 at pp. 5-7 and Attachments). Respondents filed an answer opposing the granting of habeas relief. (Doc. 11).

**I. BACKGROUND**

Petitioner pleaded guilty to two counts of attempted child molestation on September 26, 1997 (Counts II and IV of the original indictment). (Doc. 11, Exhibit A at 18; Exhibit B at 19 (p. 2)). A pre-sentence report recommended that petitioner be sentenced to a presumptive 10-year term in light of the guilty

pleas.  (Doc. 11, Exhibit A, Doc. 22 at pp. 11-12).

On December 30, 1997, following a hearing, and after receiving additional evidence, the Court sentenced petitioner to a 13-year aggravated term on Count II and lifetime probation on Count IV, finding that petitioner previously molested other children in addition to the victims in this case.  (Doc. 11, Exhibit E at 80-82).  Petitioner was informed by the Court at sentencing and in writing that he had 90-days to file a petition for post-conviction relief pursuant to Rule 32.1, Ariz.R.Crim.P., challenging his guilty pleas and sentences.  (Id. at 82-83). Petitioner signed a notice of right of review after conviction, dated December 30, 1997, acknowledging he received written notification of his right to seek post-conviction relief.  (Doc. 11, Exhibit A at Doc. 24).

On December 10, 1998, nearly one year later, petitioner filed a federal petition for writ of habeas corpus in CIV 98-2220-PHX-RGS (VAM) in the District Court.  On February 17, 1999, the Court dismissed the petition without prejudice "to allow Petitioner to return to the state trial court to present his claims in a petition for post-conviction relief and if relief is denied, to seek all review required by federal law to properly exhaust those claims in the state appellate courts ..." (CIV 98-2220, Doc. 4).

On July 7, 2003, more than four years after dismissal of his federal petition in CIV 98-2220, petitioner filed a Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 11, Exhibit A at 30).  Petitioner contended, pursuant to Ariz.R.Crim.P. 32.4(a), that the tardiness of the Rule 32 was not

his fault and should be excused in light of "new evidence ... the aggravated sentence was based on improper and inaccurate information in a letter written by Deanna Flanders that referred to alleged crimes that may not be true and no charges were filed ..." (Doc. 11, Exhibit A at 30 (p. 3)). On July 17, 2003, the trial court dismissed the Notice as untimely, specifically stating "Defendant's claim does not constitute newly discovered evidence ..." (Doc. 11, Exhibit B at 32). Petitioner sought review in the Arizona Court of Appeals. On August 5, 2004, the Arizona Court of Appeals denied the petition for review without comment. (Doc. 11 at Exhibit I). On October 19, 2004, the Arizona Supreme Court also denied review without comment. (Doc. 11 at Exhibit J).

On April 6, 2005, petitioner filed a federal habeas corpus petition raising the following grounds for relief:

> **GROUND I:** PETITIONER'S NOTICE OF POST-CONVICTION RELIEF WAS IMPROPERLY DISMISSED IN VIOLATION OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.
>
> **GROUND II:** THE JUDGE IMPROPERLY AGGRAVATED THE PETITIONER'S SENTENCE IN VIOLATION OF THE 5TH, 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.
>
> **GROUND III:** THE ARIZONA SUPREME COURT WAS IN ERROR DISMISSING THE PETITIONER'S PETITION FOR REVIEW IN VIOLATION OF THE 5TH, 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

(Doc. 1 at pp. 5-7 and Attachments).

## II. DISCUSSION

As a threshold matter, respondents argue that the petition is untimely by 4 years and 355 days. (Doc. 11 at p. 9).

**A. Statute of Limitations**

As part of the Anti-Terrorism and Effective Death Penalty Act

3

of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief."  Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d)

1    "dramatically changed this landscape" and a petitioner was now

2    "required to file his habeas petition within one year of the date

3    his process of direct review came to an end." Id.  The Court,

4    following other circuits, also held that the period of limitations

5    "did not begin to run against any state prisoner prior to the

6    statute's date of enactment" of April 24, 1996.  Beeler, 128 F.3d

7    at 1287.  Thus, all federal habeas corpus claims concerning state

8    court judgments finalized prior to April 24, 1996, had to be filed

9    by April 23, 1997,[1] or they were barred by the statute of

10   limitations absent a showing the circumstances surrounding the

11   filing of the petition fell into one of the categories listed in §

12   2244(d)(1)(B)-(D).

13       The Beeler Court also held § 2244(d) established a customary

14   statute of limitations period "subject to equitable tolling."  Id.

15   at 1288-89.  The statute itself provided for tolling the

16   limitations period when a "properly filed application for State

17   post-conviction or other collateral relief with respect to the

18   pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

19   However, the Court cautioned that equitable tolling of the

20   limitations period "will not be available in most cases but will

21   only be granted if 'extraordinary circumstances' beyond a

22   prisoner's control make it impossible to file a petition on time."

23   Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United

24   _____

25       [1] The Ninth Circuit has held that, pursuant to the counting
     provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
26   period for all habeas petitioner's challenging convictions or
     sentences finalized prior to the April 24, 1996 effective date of
     the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243,
27   1246 (9th Cir. 2001).

28                                    5

1  <u>States</u>, 107 F.3d 696, 701 (3rd Cir. 1997)).

2  **B. Application of Law to Facts of the Case**

3       Review of the record reveals that petitioner's state court

4  convictions and sentences became final on December 30, 1997, when

5  the trial court sentenced petitioner and advised him of his post-

6  conviction rights.  (<u>See</u> Doc. 11, Exhibit E at pp. 80-83); <u>see</u>

7  <u>also</u> A.R.S. § 13-4033(B) (prohibiting direct appeals in

8  convictions based on guilty pleas in non-capital cases).

9  Petitioner had one year, or until December 30, 1998, to file a

10  federal habeas petition.

11       Petitioner did file a habeas petition during that period

12  (December 10, 1998).  However, this petition was dismissed without

13  prejudice on February 17, 1999, because the Court concluded the

14  claims were not exhausted in state court.  (<u>See</u> <u>Burris v. Stewart</u>,

15  CIV 98-2220-PHX-RGS (VAM), Doc. 4).  In spite of this dismissal

16  for failure to exhaust, petitioner states in his own outline of

17  the procedural history of his case that he had nothing pending in

18  state court until he filed a Notice of Post-Conviction Relief

19  pursuant to Ariz.R.Crim.P. 32.1 on July 7, 2003, nearly 4 and 1/2

20  years after his first federal habeas petition was dismissed.

21  (Doc. 1 at p. 2; Doc. 11, Exhibit A at 30).  This proceeding ended

22  on October 19, 2004, when the Arizona Supreme Court denied his

23  petition for review.  (Doc. 11 at Exhibit J).  Although a state

24  Rule 32 proceeding may toll the running of the limitations period,

25  <u>see</u> 28 U.S.C. § 2244(d)(2), petitioner's Rule 32, filed on July 7,

26  2003, had no tolling effect because the limitations period already

27  expired.  See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.

28                                      6

2003)("we hold that section 2244(d)(2) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  As a result, petitioner's habeas petition filed on April 6, 2005 (the signature on the petition is dated April 4, 2005) is barred by the statute of limitations unless petitioner can present a sufficient basis for statutory or equitable tolling.

28 U.S.C. § 2244(d)(1) provides several statutory bases for tolling the limitations period, including: (1) the time during which the State impeded the filing of a petition; and (2) allowance for filing otherwise time-barred petitions if the claims are based on newly discovered evidence which could not have been discovered sooner in the exercise of due diligence.

In addition, equitable tolling of the limitations period may be available to toll the limitations period.  However, "equitable tolling is 'unavailable' in most cases, ..., and is appropriate only if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  The determination of whether equitable tolling is warranted is a "fact-specific inquiry" and "the threshold necessary ... is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

In his attachments in support of his habeas petition, petitioner for the first time states his failure to file a timely PCR, and presumably, a timely habeas petition, was the fault of his attorney.  Petitioner also cites a failure to obtain "legal

assistance."  (<u>See</u> Doc. 1 at p. 4b).  With respect to the latter
claim, petitioner has no constitutional right to an attorney in a
state Rule 32 and cannot rely on the excuse he failed to file a
timely Rule 32 due to any failure to obtain "legal assistance."
<u>See</u> <u>Bonin v. Vasquez</u>, 999 F.2d 425, 429 (9th Cir. 1993).

As noted, petitioner also appears to contend that his
attorney's shortcomings impeded his ability to file a timely state
Rule 32.  He cites the attorney's failure to turnover files to him
until "mid-June 2003." (Doc. 1 at p. 4b,4f).  In this argument,
petitioner implies that his failure to file a timely Rule 32 is
the reason he failed to file a timely habeas petition.

The Magistrate Judge concludes petitioner is not entitled to
equitable tolling.  First, petitioner claims that attorney
misconduct resulted in his failure to file a timely Rule 32
(resulting in his failure to file a timely habeas petition).
However, petitioner provides no details to support this claim.
Petitioner fails to explain what steps, if any, he took in the
five-plus years between the end of his original proceedings (in
which he pleaded guilty) and the filing of his Rule 32 to obtain
the files from his lawyer.  Petitioner does not explain gaps of
time where presumably he did nothing.  In short, petitioner has
not reached the high plateau required to show entitlement to
equitable tolling based on alleged attorney malfeasance and/or
misconduct.

Petitioner also argues he has newly discovered evidence which
he could not present prior to his 2003 Rule 32.  (<u>See</u> Doc. 1 at
pp. 4e - 4g).  Specifically, he contends he has evidence by way of

certain individuals who would discredit a letter written to the
sentencing court by Deanna Flanders.  Although not one of the
victims, Deanna wrote the trial court a letter stating that
petitioner likewise sexually abused her and the trial court took
this into account in giving petitioner a 13-year aggravated
sentence.  (See Doc. 1, Exhibit A at pp. 67, 81-82; see also Doc.
11, Exhibit A at 22 (pp. 6-10)).  Petitioner asserts these
witnesses (James Burris, John Burris III and Christine Seeley)
could have testified that Deanna Flanders' letter was
"disingenuous."  By not hearing their testimony, petitioner
contends the trial judge relied on the inaccurate and erroneous
information in Deanna Flanders letter to "aggravate [his] sentence
beyond the presumptive."  (Doc. 1 at p. 4g).

     This is not a sufficient basis for equitable tolling.
Petitioner utterly fails to explain why, with due diligence, he
could not have known that James Burris, John Burris III and
Christine Seeley could testify or provide information to discredit
the letter written by Deanna to the sentencing court prior to
July, 2003.  Although petitioner contends he did not receive
information about Deanna Flanders' letter until he received the
case file around "mid-June 2003," (see Doc. 1 at p. 4f), it is
clear on the record at sentencing and from the pre-sentence report
that petitioner knew of the letter at sentencing.  (Doc. 11,
Exhibit E at p. 67).  The Pre-Sentence report noted that
petitioner discussed his sexual abuse of Deanna, including
touching her at least once on her vagina.  (Doc. 11, Exhibit A at
22 (pp. 6-10)).  Petitioner does not refute this.  The Pre-

Sentence Report also discloses other children who were molested by petitioner in addition to Deanna.  Petitioner did not deny these other molestations at sentencing.

In addition, petitioner admitted in a hand-written letter dated March 12, 2002, that he was handed a copy of the pre-sentence report shortly "after sentencing." (Doc. 11, Exhibit A at 29).  Moreover, petitioner was present at the December 30, 1997 sentencing hearing during which witnesses were questioned about petitioner's abuse of Deanna Flanders and the prosecution argued he should be sentenced to prison for abuse of Deanna and her sisters.  (Doc. 11, Exhibit E at pp. 8-9, 31-33, 41-43, 48, 51, 67-68, 71-72, 74 and 77).  Finally, at sentencing itself, the court noted Deanna Flanders statements and cited his abuse of her in handing down the 13-year aggravated sentence.  (Doc. 11, Exhibit E at pp. 81-82).  For all these reasons, petitioner's contention that he was not aware of Deanna Flanders allegations until he received the case record in mid-June, 2003, is refuted by the clear record.

Finally, the fact that petitioner previously filed a timely habeas petition within the 1-year period (on December 10, 1998 in CIV 98-2220) but had this petition dismissed for failure to exhaust, is not a basis for equitable tolling.  Although the Court dismissed the petition without prejudice to allow petitioner to exhaust his claims in state court, and although this petition was timely by only about three weeks (his state proceeding concluded on December 30, 1997), petitioner did not pursue his state remedies in a timely way.

**C. Procedural Default**

In light of the fact the Magistrate Judge believes petitioner's habeas claims are barred by the statute of limitation, it is not necessary to address respondents contention that Ground II of the habeas petition is procedurally barred. (See Doc. 11 at pp. 24-25, 28-34).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied as untimely.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in and order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 31st day of January, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

11